UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAYME HIGGINS,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>   Defendant. | Case No. 5:16-cv-01396 HRL<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. 28 |

Pro se plaintiff Chayme Higgins sues the U.S. Department of Education (DOE) over a decision denying his application to discharge his federal student loans. Now before the court is the DOE's Fed. R. Civ. P. 12(b)(6) motion to dismiss the First Amended Complaint (FAC). Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the oral arguments presented, this court grants the motion with leave to amend.[1]

## BACKGROUND

The following facts are drawn from the FAC and, solely for the purpose of resolving the instant motion, are deemed true:

In August 1997, Higgins began attending Masters Institute in San Jose, California and received student loans in 1997 and 1998. In the spring of 1998, with the school's approval,

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1  plaintiff took a leave of absence to care for his newborn child.  In August 1998, he moved to
2  Indianapolis and attempted (unsuccessfully) to transfer his credits from Masters Institute to
3  another school in Indiana.
4          In 1999, plaintiff sought to return to California and to re-enroll at Master's Institute, but he
5  did not move back to California until late 2000 or early 2001.  Upon his return, he contacted
6  Masters Institute about re-enrolling, and a school representative told him to come back on the next
7  enrollment date.  Plaintiff says he did so on March 6, 2001, only to find that the school had closed.
8  A notice on the school's website stated:  "Unforeseen operational circumstances have necessitated
9  that the Masters Institute temporarily cease operations as of midnight, March 5, 2001 . . .."  (FAC
10 ¶ 17).
11         Six years later, on May 15, 2007, plaintiff submitted to the DOE a "Loan Discharge
12 Application:  School Closure."  In it, he noted his approved leave of absence from the school
13 between May 1, 1998 and August 1, 1998 and stated that he "was not permitted to return, without
14 explanation, later doors closed."  (FAC ¶ 19).  On May 29, 2007, plaintiff's application was
15 denied "due to ineligibility" because the date of his last attendance at Masters Institute was more
16 than 90 days prior to the school's closure.  (Id. ¶ 20).
17         About eight years later, on April 27, 2015, the DOE issued a notice of proposed wage
18 garnishment to collect on the student loans.  Plaintiff says that he submitted a "Request for a
19 Hearing," as well as a "Financial Disclosure Statement" in support of his claim of hardship.  On
20 July 7, 2015, the DOE issued a "Garnishment Hearing Decision," concluding that plaintiff's
21 wages were subject to a 15% garnishment order.  The following month, the DOE sent plaintiff a
22 debt statement, as well as a second notice of proposed wage garnishment.  Then, on January 8,
23 2016 the DOE sent plaintiff a "Final Notice of Wage Garnishment for Debt Owed to U.S.
24 Government," reflecting a principal balance of $10,308.80, $4,868.25 in interest, plus $3,642.49 in
25 fees and costs, for a total balance of $18,819.54.
26         Plaintiff then filed this lawsuit on March 22, 2016.
27         The DOE moved to dismiss the complaint, arguing among other things, that plaintiff's
28 claim re the 2007 denial of his loan discharge application was barred by the statute of limitations.

1   However, the parties subsequently stipulated that plaintiff would amend his complaint, and
2   defendant withdrew its then-pending motion to dismiss.

3   In his FAC, the currently operative pleading, plaintiff asserts a sole claim for relief under
4   the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A)-(F). He states that he seeks "to
5   challenge and set aside the final agency action of the [DOE] when it denied Plaintiff's application
6   to discharge his Federal Stafford loan as a violation of law because the decision was arbitrary,
7   capricious, and abuse of discretion or otherwise not in accordance with law." (FAC ¶ 1). He
8   requests an order discharging his student loans, or alternatively, an order remanding the matter to
9   the DOE to determine whether his loans should be discharged.

10   Once again, the DOE moves to dismiss, arguing that the FAC fails to state a claim for
11   relief and that his request for a discharge of his loans is barred by the statute of limitations. For
12   the reasons discussed below, the court grants the motion with leave to amend.

## LEGAL STANDARD

14   A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
15   the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.
16   2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of
17   sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police
18   Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the
19   complaint must be taken as true and construed in the light most favorable to the claimant. Id.
20   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
21   statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court
22   is not required to accept legal conclusions cast in the form of factual allegations if those
23   conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness
24   Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

25   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
26   claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations
27   must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.
28   Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

1  However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at

2  1950. A claim is plausible if its factual content permits the court to draw a reasonable inference

3  that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide

4  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-

5  harmed-me accusation." Id. at 1949.

6  Documents appended to the complaint or which properly are the subject of judicial notice

7  may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See

8  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

9  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

10  While leave to amend generally is granted liberally, the court has discretion to dismiss a

11  claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans

12  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,

13  393 (9th Cir. 1996)).

## DISCUSSION

15  "The APA permits a citizen suit against an agency when an individual has suffered 'a legal

16  wrong because of agency action' or has been 'adversely affected or aggrieved by agency action

17  within the meaning of a relevant statute.'" Rattlesnake Coalition v. U.S. Environmental Protection

18  Agency, 509 F.3d 1095, 1103 (9th Cir. 2007) (quoting 5 U.S.C. § 702). When judicial review is

19  sought under the general review provisions of the APA, rather than pursuant to specific

20  authorization in the relevant substantive statute, "the 'agency action' in question must be 'final

21  agency action.'" Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 882 (1990) (citing 5 U.S.C. §

22  704). "An agency action is 'final' when (1) the agency reaches the 'consummation' of its

23  decisionmaking process and (2) the action determines the 'rights and obligations' of the parties or

24  is one from which 'legal consequences will flow.'" Rattlesnake Coalition, 509 F.3d at 1103

25  (quoting Bennett v. Spear, 520 U.S. 154, 177-78 (1997)).

26  The DOE argues that plaintiff has not pled sufficient facts to support a plausible claim that

27  the decision denying his application for a loan discharge was "arbitrary, capricious, and abuse of

28  discretion or otherwise not in accordance with law." (FAC ¶ 1). The court agrees. At the time

plaintiff applied for a closed school loan discharge, the applicable regulation required that, except in exceptional circumstances, the claimant be enrolled at the school (1) when it closed or (2) not more than 90 days before the school closed. 34 C.F.R. § 682.402(d)(i).[2] According to plaintiff's own allegations, he was not enrolled at Masters Institute when it closed, and he last attended the school in the spring of 1998, with an approved leave of absence through August 1998. Even giving plaintiff the benefit of his leave of absence, he last attended the school over two years before it closed.

Moreover, even assuming plaintiff could somehow state a plausible claim for relief, defendant maintains that this lawsuit was filed too late. Indeed, civil actions filed against the United States "shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). That six-year statute of limitations applies to APA claims. United States v. Estate of Hage, 810 F.3d 712, 720 (9th Cir. 2016). Here, the FAC alleges that the "final agency action" in question---the denial of plaintiff's loan discharge application---occurred on May 29, 2007. Plaintiff does not explain why his claim pertaining to that decision did not accrue at that time. This lawsuit was not filed until nearly 9 years later and is untimely.

In his opposition to defendant's motion, plaintiff does not directly address either of defendant's arguments. Instead, he says that he now wishes to challenge the 2015 wage garnishment decision as the "final agency action." There is no dispute that wage garnishment decisions can be final agency actions subject to review under the APA. Nevertheless, as alleged in the FAC, plaintiff's APA claim is based entirely on the 2007 denial of his loan discharge application. To the extent plaintiff now wishes to base his APA claim upon the wage garnishment decision, his complaint must be amended. Although defendant expresses doubt whether any such amended claim could successfully be pled, the DOE acknowledges that the standard for permitting amendment is liberal. Accordingly, the court grants defendant's motion to dismiss the APA claim based on the 2007 denial of plaintiff's loan discharge application; however, plaintiff will be given

---

[2] Defendant notes that the regulation has since been amended to change the 90-day period to 120 days. But, either way, the FAC's allegations state that plaintiff last attended Masters Institute well beyond the time period set by regulation.

5

leave to amend his APA claim based on the 2015 wage garnishment decision.

## ORDER

Based on the foregoing, the court grants defendant's motion to dismiss the APA claim based on the 2007 denial of plaintiff's loan discharge application. Plaintiff is given leave to amend his APA claim based on the 2015 wage garnishment decision. Plaintiff's amended pleading shall be titled "Second Amended Complaint" and must be filed **no later than January 3, 2017**.[3]

Plaintiff is encouraged to continue to seek assistance of the Federal Pro Se Program, located in Room 2070 on the Second Floor of the Federal Courthouse in San Jose. Appointments may be made by (1) signing up in person at the Federal Pro Se Program office or at The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA; or (2) by calling 408-297-1480. To the extent he has not already done so, plaintiff is also directed to obtain a copy of the court's Handbook for Pro Se Litigants, available on the court's website (http://cand.uscourts.gov) or from the Clerk's Office.

SO ORDERED.

Dated:   December 2, 2016

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Leave to amend is limited, consistent with the rulings above. To the extent plaintiff intends to assert new or different claims for relief or add new parties, he must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

6

1   5:16-cv-01396-HRL Notice has been electronically mailed to:

2   Claire T. Cormier     claire.cormier@usdoj.gov

3

4   5:16-cv-01396-HRL Notice sent by U.S. Mail to:

5   Chayme Higgins
    P.O. Box 693
6   Capitola, CA 95010-0693